UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYANT KERN,

    Plaintiff,

v.

                          Case No. 11-11966

                          Honorable Patrick J. Duggan

JAMES CZARNECKI, II,

    Defendant.
                                        /

## OPINION AND ORDER OF SUMMARY DISMISSAL

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on_June 1, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

On May 4, 2011, Bryant Kern ("Plaintiff"), a state prisoner currently incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that James Czarnecki, II, an attorney residing in Clinton Township, Michigan, failed to provide proper legal representation during Plaintiff's state criminal proceedings. Plaintiff seeks an unspecified amount of monetary damages. The Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a).

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis*

complaint before service upon a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (internal and end citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555-56, 127 S. Ct. at 1965 (citations and footnote omitted). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972). With this standard in mind, Court finds that Plaintiff's Complaint is subject to dismissal as frivolous and for failure to state a claim upon which relief may be granted.

Plaintiff asserts that his defense attorney failed to provide him with adequate legal representation during his state criminal proceedings. To state a federal civil rights claim, a

plaintiff must show that: (1) the defendant is a person who acted under the color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S. Ct. 1729, 1733-34 (1978); *see also Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). The only defendant Plaintiff names in his Complaint is his defense attorney. Defense attorneys do not act under color of law, even when appointed by the court. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 453 (1981) (explaining that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). Plaintiff's Complaint lacks an arguable basis in law and must be dismissed as frivolous.

Plaintiff's Complaint is also subject to dismissal because he challenges the validity of his criminal proceedings. A claim under § 1983 is an appropriate remedy for a prisoner challenging a condition of his imprisonment. *See Preiser v. Rodriguez*, 411 U.S. 475, 499, 93 S. Ct. 1827, 1841 (1973). Plaintiff, however, contests the effectiveness of counsel during his criminal proceedings. Because such a challenge implicates the validity of his confinement, Plaintiff actually seeks habeas corpus relief. Ruling on Plaintiff's claim would necessarily imply the invalidity of his convictions and his continued confinement. Such claims are not properly raised under 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his conviction or imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by

executive order, declared invalid by a state tribunal, or been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id.* at 487-89, 114 S. Ct. at 2373-74. The United States Supreme Court has affirmed that "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82, 125 S. Ct. 1242, 1248 (2005). Because Plaintiff's challenge would imply the invalidity of his confinement, and that decision has not been overturned or otherwise declared invalid, his Complaint must be dismissed.

Accordingly,

The Court concludes that Plaintiff's Complaint is frivolous and fails to state a claim upon which relief may be granted under § 1983. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.[1] The Court further concludes that an appeal from this decision would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**

---

[1] While dismissal under *Heck* is normally without prejudice, *see Callihan v. Schneider*, 178 F.3d 800, 804 (6th Cir. 1999), dismissal with prejudice is proper here because Plaintiff sues his defense counsel, who is not a state actor subject to suit under § 1983.

4

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:

Bryant Kern, #351043
Bellamy Creek Correctional Facility
1727 West Bluewater Highway
Ionia, MI 48846